IN THE UNITED STATES DISTRICT COURT, STATE OF TENNESSEE

MIDDLE DISTRICT, AT NASHVILLE

STATE OF TENNESSEE, Plaintiff          Civil Action No. 2006-C-2451

v.                                     **Fed. R. Civil P. Rule 2**

DAVID ANTHONY AVERY, Defendant         Hearing Requested

### NOTICE OF DERIVATIVE REMOVAL JURISDICTION

### 28 USC section 1441 (a) and (f)

In the above styled case, Mr. David A. Avery presents this action to remove this account from the Davidson County Criminal Court (State court) to the U.S. District Court, Middle District of Tennessee under **28 USC section 1441 (a)** and **(f)** because the State court did not have jurisdiction over the commercial claims related to the civil action brought before it, which arises under the Constitution, laws, or treaties of the United States (*within the meaning of section 1331 of this title*). This action is further presented in accord with **Fed. R. Civil P. Rule 11 (a)** and embraces part **(b) (1), (2), (3),** and **(4)** of the same.

### STATEMENT(S) OF GROUNDS FOR REMOVAL

On May 28, 2008, the above-mentioned State court entered fraudulent commercial judgments (*see* **exhibit A**) against DAVID ANTHONY AVERY (trust property) via Constructive Trust Account No. 2006-C-2451 STATE OF TENNESSEE (trust company) v. DAVID ANTHONY AVERY (trust property) without any jurisdiction, and with no <u>written</u> delegation of authority to do so. *See* **Fed. R. Civil P. Rule 2** and **28 USC section 1331**.

Upon the most recent discovery that the State court did not have jurisdiction over the commercial claims related to said civil account, on April 1, 2024, Mr. David A. Avery sought relief from the unwarranted and illegal sentences imposed upon him under color of law in said State court by filing a Motion to Correct an Illegal Sentence under **Tenn. R. Crim. P. rule 36.1** in said State court; (*see* **exhibit B**).

On May 15, 2024, the State Court arbitrarily denied Mr. David A. Avery any relief or Due Processes of law to consider and settle the matter alleging that- "the **Fed. R. Civil P.** and the **United States Codes** are not applicable in the civil account brought before it; (see **exhibit C**).

As a direct result of the fraudulent judgments executed against DAVID ANTHONY AVERY (trust property) in this matter, Mr. David A. Avery (*sentient being and cestui que trust ex rel. said trust property*) has suffered irreparable injuries in a mental, physical, and emotional capacity from the torts imposed upon him, and is rightfully entitled to immediate relief. Therefore, this civil account must be removed to

1

the U.S. District Court under its original jurisdiction over all civil actions for: (1) identifying the true holders of liability concerning the execution of said commercial instruments, and (2) for assessing and determining the treble damages caused by the Plaintiff's unauthorized encroachment upon specifically named trust property in commercial intercourse (commerce) in violation of State law **TCA 47-25-1105 (a).**

Submitted with clean hands,

*David A. Avery*

David A. Avery, Moving Party

c/o WTSP

480 Green Chapel Rd.

Henning, Tennessee 38041

Ph. 731-738-5044

## CERTIFICATE OF SERVICE

The undersigned party initiating this action certifies that an exact copy of this Derivative Removal Jurisdiction presentment was sent via U.S. Postal Service to the U.S. District Court, Middle District of Tennessee and to all other interested parties by Chief Deputy Clerk Vicki Kinkade on this 28th day of May 2024.

*David A. Avery*

Enclosures: **exhibits A, B, and C**

David A. Avery, Acct.#437427
%WTSP
480 Green Chapel Rd.
Henning, Tennessee 38041

RECEIVED
JUN 04 2024
US DISTRICT COURT
MID DIST TENN

OUTGOING
MAY 28 2024
WTSP
MAILROOM

U.S. Dist. Ct., U.S. Courthouse
Attn: Chief Dep. Clerk V. Kinkade
801 Broadway, Rm. 800
Nashville, Tennessee 37203

Legal Mail

